DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIAHANN D. KING,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2770

[February 20, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 56-2015-CF-002488A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

After an argument with the operator of an after-hours club, outside of the establishment, appellant pulled a handgun out of her purse and fired at the operator. The bullet shattered the club's glass door—the operator ducked inside unhurt but a bouncer holding the door open was hit. The bouncer was an unintended victim of the shooting.

Appellant was convicted of attempted first degree murder of both the club operator and the bouncer. As to the conviction involving the bouncer, the trial court erred in not granting a motion for judgment of acquittal. To support a conviction, the state was required to prove the specific intent to commit first degree murder plus an overt act in furtherance of that intent. *See Bell v. State*, 768 So. 2d 22, 27 (Fla. 1st DCA 2000). On this record, appellant's only intent was to kill the club operator, not the bouncer. We agree with those courts that have held that the doctrine of transferred intent does not apply to the "crime of attempted murder of the unintended victim." *Id.* at 28, and cases cited therein; *see also State v. Brady*, 745 So. 2d 954, 956, n.2 (Fla. 1999).

We reverse the conviction for attempted first degree murder of the bouncer. As did the court in *Bell,* we remand with directions that the trial court enter judgment for attempted second degree murder and for resentencing on that count. 768 So. 2d at 28.

We have considered the other issues raised on appeal and find no reversible error.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

GROSS, MAY and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***